**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| KEVIN TRUONG,<br><br>Plaintiff,<br><br>v.<br>TA FINTECH INC.<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:26-cv-00272<br><br>JURY DEMAND |

# COMPLAINT

## Preliminary Statement

1. Plaintiff Kevin Truong ("Plaintiff") brings this action for relief under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, after receiving numerous telephone solicitations from Defendant after registering his number on the national do-not call registry.

2. Plaintiff seeks monetary and injunctive relief as described below.

## Parties

3. Plaintiff Kevin Truong is an individual person and a resident of Georgetown, TX.

4. Defendant is a Delaware corporation with a principal place of business in New York, New York.

## Jurisdiction & Venue

5. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims (e.g., Plaintiff's receipt of telephone solicitations) occurred in this district where Plaintiff was physically present when he received Defendant's telephone solicitations.

**Factual Allegations**

7. At all times relevant hereto, Plaintiff was the subscriber and regular user of the telephone number (712) 345-XXX ("the phone number").

8. On October 14, 2021, Plaintiff registered the phone number on the National Do-Not-Call Registry.

9. At all times relevant hereto, the phone number was assigned to cellular telephone service.

10. At all times relevant hereto, Plaintiff primarily used the phone number in his home and for personal purposes.

11. Between September 3, 2024 and the present, Defendant initiated hundreds of text messages to the phone number using the short code 40591.

12. Defendant sent these messages to encourage Plaintiff to purchase access to its AI empowered investment software and investment advice.

13. For instance, one of the messages sent on September 6, 2024, stated: "The market is VOLATILE. Meaning? You need AI, livestreams, trade alerts, & coaching more than ever! Join TradeAlgo today: bit.ly/TADiscountOffer txt stop 2 stop"

14. Another message sent on September 7, 2024 stated: "Imagine getting trade alerts + livestream + chatroom + AI data + coaching from a SINGLE platform. That's TradeAlgo. Get it now: bit.ly/TALive8l txt stop 2 stop"

15. Defendant sent these messages to Plaintiff even though Plaintiff had no prior relationship with Defendant.

16. Plaintiff never invited the messages or gave Defendant permission to send the messages.

17. Defendant injured Plaintiff by invading his privacy, intruding upon his seclusion, wasting his time, and causing a nuisance.

## Legal Claims

### Count One – Telephone Solicitations To Phone Number on Do-Not-Call Registry

18. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

19. Defendant violated 47 U.S.C. § 227(c) and the corresponding regulation at 47 C.F.R. § 64.1200 by initiating numerous telephone solicitations to Plaintiff's phone number despite his registration of the number on the national do-not-call registry.

20. Defendant's violations were negligent and/or willful.

## Relief Sought

Plaintiff requests the following relief:

A. A declaration that Defendant's actions complained of herein violate the TCPA;

B. An order enjoining Defendant from sending Plaintiff any more text messages; and

C. An award to Plaintiff of statutory damages, as allowed by law

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

*/s/ Timothy J. Sostrin*

Timothy J. Sostrin
Keith J. Keogh
KEOGH LAW, LTD.
55 W. Monroe St. Suite 3390
Chicago, IL 60603
tsostrin@KeoghLaw.com